UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 19-07178 AB (PLAx) | Date: November 21, 2019 |

Title: *Leidy Silva Martinez v. BAART Programs, Inc., et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **GRANTING** MOTION FOR REMAND

Before the Court is Plaintiff Leidy Silva Martinez's ("Plaintiff") Motion for Remand ("Motion," Dt. No. 14). Defendant BAART Programs, Inc. ("Defendant") filed an opposition and Plaintiff filed a reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the November 22, 2019 hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Defendant's request to appear telephonically (Dkt. No. 27) is **DENIED AS MOOT**. The Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff asserts California wage and hour claims for (1) failure to provide meal periods; (2) failure to provide rest periods; (3) nonpayment of overtime compensation; (4) knowing and intentional failure to comply with itemized employee wage statement provisions; (5) waiting time penalties; and (6) civil penalties under the Private Attorneys' General Act ("PAGA"), Cal. Labor Code § 2698, et seq. Defendant removed the action to federal court based on diversity jurisdiction. Plaintiff moves for remand on the ground that there is not complete

diversity between the parties and Defendant has not shown that the amount in controversy exceeds $75,000.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and thus have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal diversity jurisdiction exists when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied and if none of the defendants are citizens of the forum state.

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. And while "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' . . . '[e]vidence establishing the amount is required'" when "defendant's

assertion of the amount in controversy is contested by plaintiffs." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). The defendant must establish the amount in controversy by the preponderance of the evidence. *See Dart*, 135 S. Ct. at 553-54.

## III. DISCUSSION

Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its opposition, Defendant calculates that the amount in controversy—comprised of compensatory damages, penalties under the Private Attorneys General Act ("PAGA"), and attorneys' fees—to be "at least $76,825" Opp'n 9:15-17.

Defendant's calculation is unpersuasive, however, because it relies on assumptions about the rate of its alleged violations that have no basis in the Complaint. Specifically, Defendant assumes a violation rate of 100% for the claims for unpaid wages for missed meal and rest periods, and for unpaid overtime. These assumptions give rise to amounts in controversy of $3,900, $7,800, and $15,600 as compensatory damages for these claims.[1] But Defendant does not tie its 100% violation rate to any allegations in the Complaint and instead just asserts that rate.

Examining the Complaint, it provides no basis for a 100% violation rate. The Complaint does not allege that Plaintiff was never provided meal and rest periods, or that she was never paid overtime. To the contrary, it alleges as follows: "[t]hroughout [Plaintiff's] employment, BAART did not provide or allow her to take rest periods or uninterrupted meal breaks" (Compl. ¶ 14), "[Plaintiff] was not allowed to take her two ten minute statutorily-entitled breaks because she had to be ready to help potential patients" (*id.* ¶ 15), "overtime was improperly calculated and not entirely paid" (*id.* ¶ 16), "[a]t certain times during her employment, Defendant failed to provide Plaintiff with, or make available, rest periods during her work shifts, and failed to compensate Plaintiff for said missed rest periods" (*id.* ¶ 24), and "[a]t certain times during her employment, Defendant failed to provide Plaintiff with overtime compensation." *id.* ¶ 28. Thus, for none of these claims

---

[1] Defendant states that Plaintiff's other claims for compensatory damages—for failure to provide itemized wage statements, and for waiting time penalties—put $4,000 and $3,120 in controversy. Because these amounts are limited by statute, Defendant did not need to make any assumptions to arrive at these amounts, and Plaintiff does not specifically challenge these calculations.

does Plaintiff allege that she was never compensated. And, at least for the rest break and overtime claims, the Complaint alleges violations "at certain times," which is clearly less than a 100% violation rate. Accordingly, Defendant's use of a 100% violation rate is unreasonable, speculative, and not persuasive. *See Ibarra*, 775 F.3d at 1197 ("a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions").

It is true district courts have varied as to what assumptions of violation rates are reasonable. *See Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F. Supp. 3d 932, 980-81 (C.D. Cal. 2014) (noting that district courts disagree as to whether defendants may assume certain variables, many refuse calculations based on variables not clearly suggested by the complaint or supported by evidence, and others have relied on calculations without a clear basis); *see also Bryant v. NCR Corp.*, 284 F. Supp. 2d 1147, 1151 (S.D. Cal. 2018) (assumption of three missed breaks per week reasonable where complaint provided no guidance on violation rate); *Sanchez v. Capital Contractors*, 2014 WL 4773961, at *3 (N.D. Cal. Sept. 22, 2014) (allegations of "systematic," "regular," and "consistent" violations supported assumption of one missed meal break and one missed rest break for each week as reasonable). However, Defendant cannot "improperly shift the burden to plaintiff to refute speculative assertions of jurisdiction and establish that there is no jurisdiction" when Defendant is exclusively in possession of information that can calculate violation rates. *Vasserman*, 65 F. Supp. 3d at 982.

Here, Defendant provided no rationale for applying a 100% violation rate. That assumption is unreasonably high in light of the allegations of the Complaint, so Defendant's proffered amount in controversy of $76,825 is inflated. Even if Defendant's meal break, rest break, and overtime calculations were inflated by as little as 20%, that would reduce the amount in controversy for these three claims alone by $5,460, and the jurisdictional minimum would not be satisfied. The Court finds that Defendant has failed to show by a preponderance of the evidence that the amount in controversy is satisfied. The Court finds it unnecessary to perform any additional calculations to arrive at a more specific amount in controversy, or to address whether the parties are completely diverse.

## IV.  CONCLUSION

For the following reasons, Plaintiff's Motion for Remand is **<u>GRANTED</u>** and this case is hereby **<u>REMANDED</u>** to the state court from which it was removed.

**IT IS SO ORDERED**.